UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARVIN WADDLETON III, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:15-CV-79 |
| § | |
| BERNADETTE RODRIGUEZ, *et al*, § | |
| § | |
| Defendants. § | |

### ORDER ADOPTING
### MEMORANDUM AND RECOMMENDATION ON
### CROSS-MOTIONS FOR SUMMARY JUDGMENT

Pending before the Court are "Defendants Ongudu and Salinas' Motion for Summary Judgment" (D.E. 24) and "Plaintiff['s] Motion for Summary Judgment" (D.E. 29). On April 26, 2016, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R, D.E. 36), recommending that Defendants' motion be granted and that Plaintiff's motion be denied. Plaintiff timely filed his objections (D.E. 37) on May 9, 2016. D.E. 37-1.

Plaintiff brings this action under the Fourth, Eighth, and Fourteenth Amendments for excessive use of force in connection with an incident in which Plaintiff was forcibly removed from the prison law library and placed in a cell—an incident that was videotaped. The M&R recommends dismissing any official capacity claims against Defendants because they work on behalf of the State of Texas and are entitled to Eleventh Amendment immunity. It further recommends dismissing the excessive force

complaints on the basis of the failure to demonstrate a constitutional claim and qualified immunity. Plaintiff states three objections.

First, Plaintiff objects to the denial of his requests to amend his complaint. Plaintiff filed a motion for leave to join Candace Moore, the law librarian. *See* Motion, D.E. 20. Plaintiff claims that Moore made a false allegation against him, triggering his removal from the law library and interfered with his right to access the courts, all in retaliation for grievances Plaintiff filed. He also complains that she read his documents without authorization, denied him indigent legal supplies, and prevented him from communicating with other inmates.

Magistrate Judge Libby denied the motion for leave to amend, among other reasons, because it was filed too late. The discovery deadline was fast approaching, along with the dispositive motion deadline. An amendment to join a new party would cause unnecessary delays. D.E. 21. The Magistrate Judge applied the correct standard of review and reached a result within his discretion. Plaintiff has not set out with specificity any argument to the contrary. His conclusory statement that the Magistrate Judge abused his discretion is insufficient. Plaintiff's first objection is OVERRULED.

In his objections to the M&R, Plaintiff also argues for the first time that he should have been permitted to amend to add another defendant, Captain Jacquelyn Jameson, who he alleges failed to stop Officer Ongudu and check the leg cuffs. Again, Plaintiff summarily complains that the failure to allow his amendments constitutes an abuse of discretion and would not cause delay. He does not set out any analysis that reflects how it would constitute an abuse of discretion to refuse leave to amend. The Court holds, as

2 / 4

with the Magistrate Judge's treatment of the request to amend to add Moore, that Plaintiff's request to join Captain Jameson was made too late in the proceedings and would unnecessarily delay resolution of this action. The second objection is OVERRULED.

Third, Plaintiff objects to the M&R's conclusion regarding excessive force. He claims that the M&R's analysis is contrary to the summary judgment standard of review in that the Magistrate Judge weighed the evidence rather than simply determining that there was evidence to submit to the jury. Plaintiff's argument fails to apply the specialized standard of review applicable to excessive force claims and qualified immunity defenses.

Contrary to Plaintiff's reading of the M&R, the Magistrate Judge did not base his recommendation on a determination that Plaintiff was not injured. Instead, he balanced the alleged injury against the force used, as the standard of review requires. The only dispute in these cases is whether Defendants acted reasonably under the totality of the circumstances. The test is "objective reasonableness" from an officer's perspective and is a legal—not a fact—question. *Ramirez v. Knoulton*, 542 F.3d 124, 128 (5th Cir. 2008).

Here, as in *Ramirez,* the events were captured on videotape and there is no dispute as to how the Defendants handled Plaintiff. Plaintiff even admits that he became "combative (belligerent)," justifying the use of some force. D.E. 37, p. 2. This case therefore presents a question of law. The Magistrate Judge carefully reviewed the evidence and summarized the facts, illustrating that Defendants' actions were, as a matter

of law, objectively reasonable. Plaintiff's objections do not supply a reason to find the Magistrate Judge's conclusion incorrect. Plaintiff's third objection is OVERRULED.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.

Accordingly, Defendants' Motion for Summary Judgment (D.E. 24) is **GRANTED,** and Plaintiff's Motion for Summary Judgment (D.E. 28) is **DENIED.** The Court further finds that Plaintiff cannot state an excessive force claim against any prison official who was involved in the October 4, 2012 use of force and that the claims against the unserved Defendants, Lieutenant Salinas and Officer John Doe, must also be dismissed. This action is **DISMISSED WITH PREJUDICE**.

ORDERED this 19th day of July, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE